Gerald EDENSHAW, Plaintiff,

v.

SAFEWAY, INC.; Carr's Quality Center; and Safeway Food & Drug, Defendants.

No. S–12583.

Supreme Court of Alaska.

July 3, 2008.

Peter R. Ellis, Ellis Law Offices, Inc., Ketchikan, and Jack B. McGee, Juneau, for Plaintiff.

---

**21.** *Garvin v. Dist. Court,* 118 Nev. 749, 59 P.3d 1180, 1190 (2002).

Paul M. Hoffman and Amy Gurton Mead, Hoffman Silver Gilman & Blasco, P.C., Juneau, for Defendants.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

## OPINION

CARPENETI, Justice.

## I. INTRODUCTION

We accepted certification in this case to determine whether actual or constructive notice of a hazardous condition is an element of a prima facie case in an action against a grocery store owner in a slip-and-fall case. We hold that it is not.

## II. FACTS AND PROCEEDINGS

The facts presented to us are sparse. Gerald Edenshaw slipped and fell at the Carr's store in Ketchikan on May 10, 2003. He brought a negligence action against Safeway, Inc. and Carr's. After removal to federal court, Safeway moved for summary judgment, alleging (1) that it had fulfilled any duty of care that it owed because it had a "regularized method of finding hazards," and (2) that it had no notice, either actual or constructive, that there was a hazard in the area where Edenshaw slipped and fell. The United States District Court for the District of Alaska denied summary judgment, deciding that there was a dispute of fact whether Safeway acted reasonably in maintaining its premises. Safeway moved for reconsideration, citing cases from several jurisdictions in which negligence actions were dismissed because the business had no actual or constructive knowledge of the condition causing the mishap. After the federal court noted that Alaska does not have specialized rules to deal with premises liability, Safeway moved, citing to Alaska Rule of Appellate Procedure 407,[1] to certify the question, "Is actual or constructive notice that an unsafe condition exists an element of a prima facie case in an action against a grocery store owner in slip and fall cases?"

We agreed to accept certification and now answer the question.

## III. STANDARD OF REVIEW

■ Appellate Rule 407(a) permits us to answer questions of law certified to us by federal courts. Under that rule, we may answer certified questions of law if there are before the certifying court "questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent" in our decisions.[2] A certified question therefore necessarily involves determinative questions of Alaska law for which in the opinion of the certifying court there is no controlling precedent. In deciding a certified question of law we must "stand in the shoes of the certifying court, yet exercise our independent judgment."[3] Therefore, we select the rule of law that is most persuasive in light of precedent, reason, and policy.[4]

## IV. DISCUSSION

■ In *Webb v. City & Borough of Sitka,* we abolished the common law distinctions between trespassers, licensees, and invitees.[5]

1. Rule 407(a) provides:
   The supreme court may answer questions of law certified to it by the Supreme Court of the United States, a court of appeals of the United States, a United States district court, a United States bankruptcy court or United States bankruptcy appellate panel, when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

2. Alaska R.App. P. 407(a).

3. *Berg v. Popham,* 113 P.3d 604, 607 (Alaska 2005) (quoting *FDIC v. Laidlaw Transit, Inc.,* 21 P.3d 344, 346 (Alaska 2001)).

4. *Kallstrom v. United States,* 43 P.3d 162, 165 (Alaska 2002) (citing *M.A. v. United States,* 951 P.2d 851, 853 (Alaska 1998); *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

5. 561 P.2d 731, 732–33 (Alaska 1977), *superceded in part by statute,* AS 09.65.200, *as recognized in Univ. of Alaska v. Shanti,* 835 P.2d 1225, 1228 n. 5 (Alaska 1992) (discussing AS 09.45.795, which was subsequently renumbered AS 09.65.200).

We adopted a general rule of negligence, holding that a landowner "must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk."[6] We went on to say that in general, issues of negligence are "not susceptible to summary determination" and are better left to the trier of fact because of the question of reasonableness.[7]

Relying on our decisions in highway maintenance cases, Safeway argues that actual or constructive notice of a hazardous condition should be an element of a prima facie case in a slip-and-fall action. In *Johnson v. State*, we examined the elements of a plaintiff's case in an action against the state for negligent maintenance of a road.[8] We held that when the state did not create the hazardous condition, the plaintiff had to establish either actual or constructive notice of the condition.[9] Safeway urges us to extend this rule to cover grocery stores. We decline to do so.

A grocery store is a more confined space and a more intensely managed environment than a highway. As other courts have noted, the owner of a grocery store can monitor the premises and take steps to minimize risks to customers, particularly in areas that have frequent spills or other hazards.[10]

■ We adhere to the general rule of negligence we announced in *Webb*. We hold that while actual or constructive notice of a hazardous condition is one factor that a factfinder may consider in determining reasonableness, it is not an element of a prima facie case in a slip-and-fall action against a grocery store in Alaska. Rather than enter into a maze of legal rules and exceptions about what may constitute actual or constructive notice for the disposition of cases on summary judgment, we continue to trust that factfinders can best ascertain whether the proprietor of a grocery store acted reasonably in maintaining the store's premises considering all of the circumstances. We see no reason to tilt the contest between plaintiffs and defendants at the outset of a case.

Both parties asked us to consider adopting the "mode of operation" rule, adopted in a number of jurisdictions.[11] That rule provides for liability if the plaintiff shows that the hazard was reasonably foreseeable from the owner's method of doing business.[12] Courts that have adopted the mode of operation rule view it as an exception to the requirement of actual or constructive notice[13] or as a type of constructive notice.[14] But because actual or constructive notice is not an element of a prima facie case in a slip-and-fall action, there is no need for a mode of operation rule. We therefore decline to adopt it.

■ Proof that the grocery store owner knew or should have known of the hazard would bolster a plaintiff's case and make it more likely that the owner would be held liable in a given case, but notice is only one factor of many that a factfinder should consider in evaluating the reasonableness of the actions of the parties. Safeway claimed at

---

6. *Id.* at 733.

7. *Id.* at 735.

8. 636 P.2d 47, 52–53 (Alaska 1981).

9. *Id.* at 52.

10. *See Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 114 Cal.Rptr.2d 470, 36 P.3d 11, 15 (2001) (noting that owner exercises reasonable care by making inspections); *Forcier v. Grand Union Stores, Inc.*, 128 Vt. 389, 264 A.2d 796, 799 (1970) (holding that open produce displays place greater burden on store owner to remove debris from floor).

11. *See Sheehan v. Roche Bros. Supermarkets, Inc.*, 448 Mass. 780, 863 N.E.2d 1276, 1282–83 (2007)

(discussing mode of operation rule and jurisdictions adopting it).

12. *See Jackson v. K–Mart Corp.*, 251 Kan. 700, 840 P.2d 463, 470 (1992) (plaintiff who slipped and fell in spilled soda in store with in-store cafeteria, and who showed that manner of operation of store made spillage foreseeable, established store liability).

13. *Chiara v. Fry's Food Stores of Ariz., Inc.*, 152 Ariz. 398, 733 P.2d 283, 285 (1987); *Pimentel v. Roundup Co.*, 100 Wash.2d 39, 666 P.2d 888, 888–89 (1983).

14. *Rhoades v. K–Mart Corp.*, 863 P.2d 626, 631 (Wyo.1993).

oral argument before us that not requiring actual or constructive notice as an element of a prima facie case effectively makes a store owner the insurer of his property or puts the burden of proving notice or reasonableness on the store owner. We disagree with these assertions. We held in *Webb* that in adopting a general standard of negligence, we were not making a landowner the insurer of his property.[15] As in any negligence case, the plaintiff still has the burden of showing that the defendant owed him a duty, that the defendant breached that duty, that he was injured, and that the breach of duty was the proximate cause of his injury.[16] Evidence of notice or lack thereof may be relevant to the question whether a defendant breached a duty of care and therefore should go to the fact finder.[17]

## V. CONCLUSION

We HOLD that actual or constructive notice of a hazardous condition is not an element of a prima facie case in a slip-and-fall action against a grocery store owner in Alaska.

**15.** *Webb v. City and Borough of Sitka,* 561 P.2d 731, 734 (Alaska 1977).

**16.** *Alvey v. Pioneer Oilfield Servs., Inc.,* 648 P.2d 599, 600 (Alaska 1982) (citing *Larman v. Kodiak Elec. Ass'n,* 514 P.2d 1275, 1279 (Alaska 1973)).

**17.** *See Wickwire v. Arctic Circle Air Servs.,* 722 P.2d 930, 931, 933 (Alaska 1986).